IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02566-BNB

MICAH BLACKFEATHER,

    Plaintiff,

v.

CHRISTY WHEELER,
JASON KORN,
DAVID KENNEDY,
JOHN LEWELLYING,
EMILIA NORIEGA,
KELLY ADAMS,
TYLER ADAMS, and
MIGUEL FLORES,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Micah Blackfeather, is detained at the Colorado Mental Health Institute at Pueblo, Colorado (CMHIP). Mr. Blackfeather has filed *pro se* a Prisoner Complaint (ECF No. 1). The court must construe the Prisoner Complaint liberally because Mr. Blackfeather is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Blackfeather will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The Prisoner Complaint is deficient. First, Mr. Blackfeather fails to provide an address for each Defendant. Mr. Blackfeather must provide a complete address so that

each Defendant may be served properly.

The Prisoner Complaint also is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Blackfeather alleges that he was arrested on August 21, 2013, and that he is facing charges in two state court criminal cases.  He further alleges that he has been transferred to CMHIP for a competency evaluation.  The named Defendants are police officers in Longmont, Colorado, who authored policed reports regarding the events of August 21, 2013, and other individuals who apparently provided statements to the police officers regarding the events of August 21, 2013.  Mr. Blackfeather insists that he

did not commit any crimes.

Mr. Blackfeather asserts claims pursuant to 42 U.S.C. § 1983. He specifically contends in his first claim that his constitutional rights have been violated "as a result of the falsified police reports, false eyewitness, and illegal arrest and imprisonment of Plaintiff Micah Blackfeather." (ECF No. 1 at 9.) He similarly contends in his second claim that Defendants have violated his constitutional rights by concealing the truth regarding the false police reports. Mr. Blackfeather asserts in his third claim that he is being "forced to take a potential life threatening drug and held fals[e]ly imprisoned" at CMHIP. (*Id.* at 11.) As relief he seeks damages and to be released from custody. To the extent Mr. Blackfeather seeks to be released from custody, that request is not appropriate in this § 1983 action and must be raised in an application for a writ of habeas corpus after exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Mr. Blackfeather fails to provide a short and plain statement of his claims for damages showing he is entitled to relief. Other than conclusory allegations that he did not commit the crimes charged, Mr. Blackfeather fails to provide specific allegations that explain why he believes the police reports were false and that he was arrested illegally. To the extent Mr. Blackfeather may be contending he was arrested without probable cause, the court notes that "[p]robable cause exists if, 'at the moment the arrest was made . . . the facts and circumstances within [the officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" *Painter v. City of Albuquerque*, 383 F. App'x 795, 798 (10th Cir. 2010) (quoting *Beck v. Ohio*, 379

U.S. 89, 91 (1964)).  To the extent Mr. Blackfeather is contending his continuing confinement violates his constitutional rights, he fails to allege facts that demonstrate any of the named Defendants are responsible for his continuing confinement or that would allow him to recover damages for his continuing confinement based on his claims of false arrest and false imprisonment.  *See McNally v. Colorado State Patrol*, 122 F. App'x 899, 903 (10th Cir. 2004) (quoting *Heck v. Humphrey*, 412 U.S. 477, 484 (1994), for the proposition that "the torts of false arrest and false imprisonment permit damages only for 'the time of detention up until issuance of process or arraignment, but not more.'").  Similarly, whatever constitutional violation Mr. Blackfeather may be asserting in claim three in the Prisoner Complaint regarding his confinement at CMHIP, he fails to allege any facts that demonstrate the claim properly is asserted against any of the named Defendants.

Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.

Mr. Blackfeather will be ordered to file an amended complaint if he wishes to pursue his claims in this action.  Mr. Blackfeather must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each

Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Blackfeather may assert his constitutional claims only against individuals who were acting under color of state law and "[t]he mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983." *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983).

Finally, Mr. Blackfeather has filed a "Motion for Protections of Constitutional Rights with Americans with Disabilities Act" (ECF No. 13) in which he requests

appointment of counsel.  The factors to be considered in deciding whether to appoint counsel generally include the merits of the claims, the nature of the factual issues raised, the plaintiff's ability to present his claims, and the complexity of the legal issues being raised.  *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Mr. Blackfeather fails to demonstrate that appointment of counsel is necessary or appropriate at this time.  He does not allege fact that demonstrate he is unable to provide a clear and concise statement of the claims he is asserting.  Furthermore, because Mr. Blackfeather has not submitted a pleading that complies with the Federal Rules of Civil Procedure, the court is unable to determine whether his claims may have merit or the nature and complexity of the factual and legal issues presented.  Therefore, the motion for appointment of counsel will be denied.  Accordingly, it is

ORDERED that Mr. Blackfeather file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Blackfeather shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Blackfeather fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.  It is

FURTHER ORDERED that the "Motion for Protections of Constitutional Rights

with Americans with Disabilities Act" (ECF No. 13) is denied at this time.

DATED September 29, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge