IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02566-GPG

MICAH BLACKFEATHER,

    Plaintiff,

v.

CHRISTY WHEELER,
JASON KORN,
DAVID KENNEDY,
JOHN LEWELLYNG,
WILLIAM RAYMOND MILLER,
MIGUEL FLORES,
KELLY ADAMS,
KEVIN BERNARD HILLIARD,
CARRIE LOUISE ADAMS,
TYLER ADAMS,
EMILIA NORIEGA,
ABEL JIMENEZ,
HILARIA JIMENEZ, and
VALERIE HEALD,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Micah Blackfeather, is being detained at the Colorado Mental Health Institute at Pueblo, Colorado ("CMHIP"). Mr. Blackfeather initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On September 29, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Blackfeather to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On January 30, 2015, after being granted multiple extensions of time, Mr. Blackfeather filed an amended Prisoner Complaint (ECF No. 37).

Mr. Blackfeather has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Blackfeather's claims are frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the amended Prisoner Complaint liberally because Mr. Blackfeather is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Blackfeather alleges that he was arrested on August 21, 2013, and that criminal charges still are pending against him in two cases in the Boulder County, Colorado, District Court.  He further alleges that he has been transferred to CMHIP for a competency evaluation.  The named Defendants are three Longmont, Colorado, police officers who allegedly authored police reports regarding the events of August 21, 2013, and eleven other private citizens who allegedly provided statements or evidence to the Longmont police officers regarding the events of August 21, 2013.  Mr. Blackfeather insists that he did not commit any crimes.

Mr. Blackfeather asserts three claims for relief pursuant to 42 U.S.C. § 1983 in the amended Prisoner Complaint. He alleges in his first claim that Longmont police officers Christy Wheeler, Jason Korn, and David Kennedy authored false police reports regarding the events of August 21, 2013, and that, as a result of the false police reports, he was arrested and charged with various crimes. Mr. Blackfeather also includes allegations within claim one regarding the ongoing state court proceedings and his confinement and treatment at CMHIP that are not relevant to his claims against Defendants in this action.

Mr. Blackfeather asserts his second claim against the private citizens who provided witness statements to the Longmont police officers. Mr. Blackfeather alleges in support of claim two that "[t]he statements of these witnesses and victims [are] falsified statements, either because they did not lawfully give statements or [because] they did not speak with the police officers at all." (ECF No. 37 at 9.)

Mr. Blackfeather's third claim is identified as a false imprisonment claim. He alleges in support of claim three that "[t]he claims 1 and 2 have resulted in all who are included in the complaint depriving Plaintiff of his constitutional rights, deprived Plaintiff of his liberties and by using the false statements on a falsified police report falsely imprisoned Plaintiff violating his constitutional right[s] 4, 5, 6, 8, 9, 10 and 14." (*Id.* at 10 (capitalization altered).)

The Court notes initially that, to the extent Mr. Blackfeather may be contending his continuing confinement at CMHIP violates his constitutional rights, he fails to allege facts that demonstrate any of the named Defendants are responsible for his continuing confinement. He also fails to allege facts that would allow him to recover damages for

his continuing confinement based on his claims of false arrest and false imprisonment. *See McNally v. Colorado State Patrol*, 122 F. App'x 899, 903 (10th Cir. 2004) (quoting *Heck v. Humphrey*, 412 U.S. 477, 484 (1994), for the proposition that "the torts of false arrest and false imprisonment permit damages only for 'the time of detention up until issuance of process or arraignment, but not more.'").

The Court next will address Mr. Blackfeather's constitutional claims against the private citizens who provided statements or evidence to the Longmont police officers regarding the events of August 21, 2013.  Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Thus, Mr. Blackfeather may assert his constitutional claims only against persons who were acting under color of state law.

Mr. Blackfeather fails to allege facts that demonstrate the eleven private citizens who provided statements or evidence to the Longmont police officers regarding the events of August 21, 2013, were acting under color of state law.  "The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983."  *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983).  Therefore, Mr. Blackfeather's constitutional claims against the eleven private citizens who provided statements or evidence to the Longmont police officers regarding the events of August 21, 2013, are legally frivolous and must be dismissed.

The Court next will address Mr. Blackfeather's claims against the three Longmont police officers who were acting under color of state law. The claims against the Longmont police officers are legally frivolous because Mr. Blackfeather fails to allege facts that support an arguable constitutional claim against them. As Mr. Blackfeather was advised in the order directing him to file an amended complaint, vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Blackfeather apparently contends his constitutional rights were violated by the three Longmont police officers because he was arrested without probable cause. "Probable cause exists if, 'at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" *Painter v. City of Albuquerque*, 383 F. App'x 795, 798 (10th Cir. 2010) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (alterations in original)). However, other than vague and conclusory

allegations that the witness statements provided to the police officers were false because he did not commit the crimes charged, Mr. Blackfeather fails to provide specific factual allegations that demonstrate the three Longmont police officers arrested him without probable cause or otherwise violated his constitutional rights.  Mr. Blackfeather's allegations regarding the proceedings in his pending criminal cases also do not demonstrate he was arrested without probable cause or that his constitutional rights somehow were violated by the three Longmont police officers.

For these reasons, Mr. Blackfeather's constitutional claims will be dismissed as legally frivolous.  To the extent the amended Prisoner Complaint could be construed as asserting a tort claim under Colorado state law, the Court declines to exercise supplemental jurisdiction over any state law claims because the constitutional claims over which the Court has original jurisdiction will be dismissed.  *See* 28 U.S.C. § 1367(c)(3).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint, the amended Prisoner Complaint, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that Plaintiff's motion for a temporary restraining order (ECF No. 9) is denied as moot.

DATED at Denver, Colorado, this  13th   day of    February    , 2015.

BY THE COURT:


　   s/Lewis T. Babcock　　　
LEWIS T. BABCOCK, Senior Judge
United States District Court